UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-24029-KMM

YILUN CHEN,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon the Motion to Dismiss Complaint filed by Defendant Florida International University Board of Trustees. ("Mot.") (ECF No. 13). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 6). On July 9, 2024, Magistrate Judge Louis entered a Report and Recommendation, recommending that the Motion to Dismiss be granted in part and denied in part. ("R&R") (ECF No. 31). Plaintiff did not file objections to the R&R and the time to do so has passed. On July 23, 2024, Defendant timely filed Objections to the R&R. ("Objs.") (ECF No. 32). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

**I.    BACKGROUND**

Though Magistrate Judge Louis thoroughly parsed through the Motion and the Parties' arguments, the Court nevertheless provides a brief summary of Plaintiff's allegations. Plaintiff is

a United States citizen who was born in Taiwan. R&R at 2. Plaintiff alleges that while he was a student at Florida International University ("FIU") in 2018, his photography professor, Peggy Nolan, made racially charged comments to him and called him racist when he refused to speak Chinese in front of the class. *Id*. Plaintiff further alleges that on June 16, 2019, an individual named Alexandra Del-Canto[1] forced Plaintiff to remain in her car and questioned Plaintiff about whether he had romantic feelings for her. *Id*. Plaintiff reported the incident, but FIU took no official action in response. *Id*. After graduating from FIU during the summer of 2019, Plaintiff contacted Professor Nolan to discuss Del-Canto's actions. *Id*. Nolan then reported Plaintiff to FIU Police for stalking Del-Canto. *Id*. at 3. Ultimately, FIU Police banned Plaintiff from campus. *Id*. On October 22, 2019, Plaintiff was committed to a hospital and diagnosed with a depressive disorder. *Id*.

Plaintiff brings the following claims against Defendant: (1) national origin discrimination pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Title VI) (Count I); (2) sex discrimination pursuant to Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681 (Title IX) (Count II); and (3) breach of contract under Florida common law (Count III). ("Compl.") (ECF No. 1) ¶¶ 46–70. Now, Defendant moves to dismiss the Complaint with prejudice. *See generally* Mot.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to

---

[1] The Complaint does not allege Del-Canto's relationship to FIU. R&R at 7.

a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.   DISCUSSION

After reviewing the Parties' arguments and holding a hearing on the Motion, Magistrate Judge Louis finds that: (1) the entire Complaint is a shotgun pleading subject to dismissal, R&R at 4–6; (2) Plaintiff's Title IX claim fails to state a cause of action, *id.* at 6–8; (3) Plaintiff's Title

VI claim fails to state a cause of action, *id.* at 8–9; (4) Plaintiff fails to establish an express contract to overcome Defendant's sovereign immunity defense to Count III, *id.* at 9–11; and (5) it is not apparent on the face of the Complaint that Counts I and II are barred by the statute of limitations, *id.* at 11–15. Thus, Magistrate Judge Louis recommends that the Complaint be dismissed without prejudice and that Plaintiff be given leave to amend. *Id.* at 15. The Court reviews each of Defendant's Objections in turn.

### A. Statute of Limitations

First, Defendant argues that in giving Plaintiff leave to amend the Complaint, Magistrate Judge Louis "missed the significance" of the statute of limitations and the discrimination claims should instead be dismissed with prejudice. Objs. at 3. It is undisputed that Florida's four-year statute of limitations for personal injury cases applies here, but the Parties disagree on when Plaintiff's civil rights claims accrued. R&R at 11. Federal courts apply the discovery rule, which states that a cause of action accrues "when the plaintiff knew or should have known of his injury and its cause." *Id.* (citing *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997)). Regarding the sex discrimination claim, Magistrate Judge Louis takes all facts in the light most favorable to Plaintiff and considers Plaintiff's October 17, 2019 interview with FIU Police and subsequent ban from campus as part of the Title IX claim. *Id.* at 13. However, it is not clear what date FIU Police banned Plaintiff from campus and it is difficult to conclude whether the sex discrimination claim is time-barred. *See id.* at 14. The Court also agrees with Magistrate Judge Louis's conclusion that even when "taking all facts in the light most favorable to Plaintiff, Plaintiff's national origin discrimination claim is likely time-barred." *Id.* Indeed,

4

Plaintiff filed the Complaint on October 20, 2023, more than four years after the alleged discriminatory acts occurred in the summer of 2018. *Id.*

Nonetheless, mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014), Magistrate Judge Louis recommends that the Motion to Dismiss be denied with respect to the statute of limitations argument. R&R at 15. While Defendant may ultimately be correct that both discrimination claims are time-barred, the Court notes that Plaintiff filed the Complaint *pro se* but is now represented by counsel. Thus, there is a greater chance that Plaintiff can clarify the timeline of events upon amending the Complaint. In the interest of resolving this case on the merits, the Court finds it appropriate to allow Plaintiff leave to amend the Complaint.

### B. Allowing an Amendment to Include an Alleged Express Contract

Finally, Defendant takes issue with Magistrate Judge Louis's recommendation that Plaintiff be granted leave to amend the breach of contract claim and include the express provision in the contract that Defendant allegedly breached. *See* R&R at 10. The Court agrees with the R&R's finding that at this stage in the proceedings, the Court cannot decide on Defendant's sovereign immunity defense absent clarity on the existence of an express contract between Plaintiff and Defendant. *See id.* Defendant argues that allowing Plaintiff leave to amend would be futile "given the number of students who have unsuccessfully attempted to establish a written express contract to overcome the general rule of sovereign immunity for governmental entities such as FIU." Objs. at 7. The fact that previous students have failed to establish an express contract does not convince the Court that Plaintiff will certainly also fail. Accordingly, Defendant's objections to the R&R are denied.

**IV.    CONCLUSION**

UPON CONSIDERATION of the Motion to Dismiss Complaint (ECF No. 13), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The R&R (ECF No. 31) is ADOPTED.

2. The Motion to Dismiss Complaint (ECF No. 13) is GRANTED IN PART and DENIED IN PART.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the date of this Order.

3. The Clerk of Court is instructed to CLOSE this case.

4. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __7th__ day of August, 2024.

*K. M. Moore*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:   counsel of record